**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 23, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ALREE B. SWEAT, III,

     Plaintiff - Appellant,

v.

CITY OF LAS CRUCES; JAIME
MONTOYA; MIRANDA BAKER,
Officer; PAUL LUJAN, Officer; FNU
SANCHEZ, Officer,

     Defendant - Appellees.

No. 16-2218

(D.C. No. 2:15-CV-00226-RB-SMV)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE, GORSUCH** and **McHUGH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore,

submitted without oral argument.

Plaintiff Alree Sweat, a New Mexico state inmate proceeding pro se, filed this 42

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.C. § 1983 action against the City of Las Cruces, New Mexico, and several of its police officers alleging that they violated his constitutional rights during the course of an attempted traffic stop and ensuing chase. The district court granted summary judgment in favor of defendants. Sweat appeals from the district court's judgment. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I

On the afternoon of September 14, 2012, defendant Paul Lujan, an officer with the Las Cruces Police Department, was attempting to locate and arrest an individual named Willie Yanez, who had an outstanding felony warrant. While driving along Karen Street in Las Cruces, Lujan observed a white Ford Mustang that appeared to him to be similar to the one that Yanez drove. Lujan was unable, however, to confirm that Yanez was the driver of the Mustang. Consequently, Lujan radioed to other officers in the area for assistance in determining if Yanez was the driver.

Defendant Miranda Baker, another officer with the Las Cruces Police Department, was on duty in the area at that time. As Baker drove westbound on Madrid Street, she observed a white Ford Mustang, matching the description given by Lujan, driving eastbound on Madrid Street. As Baker passed the Mustang, she was unable to determine if the driver was Yanez because there was a horizontal crack in the Mustang's windshield that obscured her view.

Baker turned her vehicle around and attempted to initiate a traffic stop of the Mustang by turning on the overhead lights of her patrol car. The driver of the Mustang

-2-

briefly pulled over to the side of the road, but only to let Baker pass him. The driver of

the Mustang then drove on. Baker responded by turning on her sirens. The driver of the

Mustang continued driving and did not stop. A two-minute chase ensued, with the driver

of the Mustang driving increasingly faster, and Baker and other officers, including Lujan

and Jose Sanchez, following behind. During the chase, the Mustang and the police

vehicles passed by two young children standing close to the street. The officers twice

attempted a "PIT maneuver"[1] to stop the Mustang, the first time when the Mustang was

driving approximately 50 miles per hour, and the second and successful attempt when the

Mustang was driving approximately 70 to 80 miles per hour.

The driver of the Mustang, plaintiff Sweat, was arrested and charged with the

crime of aggravated fleeing. The criminal case against Sweat proceeded to trial, but the

trial ended in a hung jury. The state trial judge ultimately dismissed the charges against

Sweat with prejudice.

## II

On March 17, 2015, Sweat, who at that time was confined in a state correctional

facility in Hobbs, New Mexico, filed a pro se civil rights complaint pursuant to 42 U.S.C.

§ 1983 naming as defendants the City of Las Cruces, Jaime Montoya, the Chief of Police

for the City of Las Cruces, and Las Cruces police officers Baker, Lujan, and Sanchez.

---

[1] "A 'PIT maneuver' is a method used by police to force a pursued vehicle to abruptly turn sideways to the direction of travel, by bumping the back side of the pursued vehicle with the [front side of] the police vehicle, causing the fleeing driver to lose control and stop." United States v. Bazaldua, 506 F.3d 671, 673 n.2 (8th Cir. 2007).

-3-

Sweat's complaint asserted a host of constitutional claims, all centering around his allegation that defendant Baker's attempted stop of his vehicle, and the ensuing chase and pursuit, were illegal. In particular, Sweat alleged that (1) Baker's subjective motive to stop his vehicle was to check his identity, (2) defendant Montoya was liable for failing to intervene and stop the allegedly unconstitutional chase, and (3) the City was grossly negligent and deliberately indifferent in training, supervising, reviewing, and disciplining the individual defendants. Sweat's complaint also asserted a number of state law claims.

On December 31, 2015, defendants moved for summary judgment on the basis of qualified immunity. To begin with, defendants argued that Baker "had not only reasonable suspicion but [also] probable cause to stop" Sweat's vehicle "for an equipment violation," and that "the [defendant] officers were further justified" in stopping Sweat's vehicle "when the pursuit turned into an investigation for aggravated fleeing." Dist. Ct. Docket No. 48 at 6-7. Defendants in turn argued that, because Sweat could not demonstrate that the individual officers violated his constitutional rights, defendants Montoya and the City could not be liable for failing to train, supervise, review, or discipline the individual defendants. Defendants also argued that plaintiff could not establish supervisory liability because there was no evidence of deliberate indifference on the part of Montoya or the City.

On March 11, 2016, the magistrate judge assigned to the case issued proposed findings and a recommended disposition. The magistrate judge concluded that the evidence presented by defendants was insufficient "to show that [Baker] had reasonable

-4-

suspicion when she first attempted to initiate the traffic stop." Dist. Ct. Docket No. 55 at 5. In particular, the magistrate judge noted that Baker "d[id] not allege" in the motion for summary judgment "that she believed the windshield [of Sweat's vehicle] was obstructed or that the vehicle might have been dangerous to operate." Id. at 6. "Nor," the magistrate judge noted, did Baker "allege facts from which a reasonable inference could be drawn that the vehicle could not be operated safely." Id. Consequently, the magistrate judge recommended denying summary judgment on that issue. As for the remaining claims, the magistrate judge concluded that "there [wa]s no material dispute regarding the facts after Officer Baker attempted to pull over Plaintiff's vehicle," and that "[w]hen Plaintiff failed to yield, there was probable cause to stop him." Id. at 5. Consequently, the magistrate judge concluded that "Baker, Lujan, and Sanchez [we]re entitled to qualified immunity on the claims arising from the chase and arrest." Id. And the magistrate judge in turn concluded that "[b]ecause Plaintiff fail[ed] to show any constitutional violation related to the chase and arrest, the other Defendants [we]re entitled to summary judgment on the remaining federal claims." Id. at 5-6.

Sweat filed no objections to the magistrate judge's proposed findings and recommended disposition. Defendants objected solely to the magistrate judge's recommendation to deny summary judgment on the claim against defendant Baker for attempting to initiate the traffic stop in the first place.

On April 21, 2016, the district court issued a memorandum opinion and order adopting the magistrate judge's proposed findings and recommended disposition and

-5-

granting in part and denying in part the defendants' motion for summary judgment.  This left only Sweat's claim against defendant Baker "for allegedly initiating the traffic stop in the first place without reasonable suspicion in violation of the Fourth and Fourteenth Amendments."  Dist. Ct. Docket No. 63 at 2.  As to that claim, the district court noted that Sweat had alleged in his verified complaint that "'prior to stopping [his] vehicle,'" Lujan and Baker "'had observed neither traffic [n]or equipment violations nor any suspicious activity.'"  Id. at 7 (quoting Dist. Ct. Docket No. 1 at 12).  These factual allegations, the district court concluded, were sufficient to create a genuine issue of material fact as to whether Baker had reasonable suspicion to stop Sweat's vehicle.

In May 2016, the parties filed cross motions for summary judgment as to the remaining claim.  Sweat, in his motion for summary judgment, argued that "[t]here [wa]s no evidence about the crack" in his windshield, and "also no evidence about Officer Baker's assessment of the crack."  Dist. Ct. Docket No. 65 at 4.  Defendants, in their cross motion for summary judgment, presented evidence, including an affidavit from Baker and excerpts of Baker's testimony at Sweat's criminal trial, indicating that, prior to initiating the stop of Sweat's vehicle, Baker observed a large horizontal crack on the driver's side of the windshield of Sweat's vehicle that obscured her ability to see into the vehicle and observe the driver.  Sweat filed a response to defendants' motion for summary judgment, arguing in pertinent part that "discovery w[ould] reveal photos taken by the Police Department [that] w[ould] be contrary to [Officer] Baker's testimony of a cracked windshield."  Dist. Ct. Docket No. 69 at 3.

On June 16, 2016, the magistrate judge issued an order construing Sweat's response as a request for limited discovery under Fed. R. Civ. P. 56(d), granting that request, and ordering defendants to produce to Sweat and the court "any and all photographs depicting the windshield as it existed on or around September 12, 2012." Dist. Ct. Docket No. 71 at 1. Defendants timely complied with the order and produced several dozen photographs of Sweat's vehicle. Sweat did not file anything further after the disclosure of the photographs.

On July 28, 2016, the magistrate judge issued proposed findings and a recommended disposition regarding the cross motions for summary judgment. The magistrate judge began by noting that "[u]nder New Mexico law, an officer may stop a motor vehicle with a cracked windshield if the officer has reasonable grounds to believe that the crack makes the vehicle dangerous to operate." Dist. Ct. Docket No. 81 at 7 (citing New Mexico statutes and case law). The magistrate judge in turn found that "[t]he photographs submitted by Defendants depict[ed] a crack in the front windshield of Plaintiff's vehicle running horizontally, in the top half of the windshield, for nearly the entire length of the windshield." Id. at 9. Although the magistrate judge noted that Sweat "denied that his windshield was cracked at all," he found that Sweat's "denial [wa]s blatantly contradicted by the photographs" and that "[n]o reasonable jury could find that there was no crack." Id. The magistrate judge thus concluded that "[u]nder the circumstances here, on seeing the crack in Plaintiff's windshield, a reasonable officer would have reasonably suspected that Plaintiff was driving the vehicle in violation" of

-7-

New Mexico state law, and that "Officer Baker [therefore] [wa]s entitled to qualified immunity for attempting to pull Plaintiff over." Id. Consequently, the magistrate judge recommended that Sweat's motion for summary judgment be denied and the defendants' second motion for summary judgment be granted. The magistrate judge also recommended that the district court decline to exercise supplemental jurisdiction over, and thus dismiss without prejudice, Sweat's state law claims

On August 11, 2016, Sweat filed a written opposition to the magistrate judge's proposed findings and recommended disposition. Sweat argued that the photographs submitted by defendants "reveal[ed] only a small crack on the passenger side and it clearly show[ed] that vision in or out [of the vehicle] [wa]s unobstructed." Dist. Ct. Docket No. 84 at 2. Sweat further argued that "[i]f the stop was for a traffic infraction a citation must be issued to support the reason for that stop," but that "[i]n this case no citations were issued." Id. Sweat also argued "that [Baker's] first and foremost reason for the initial stop [of his vehicle] was for identity purposes." Id. at 8.

On August 30, 2016, the district court issued a memorandum opinion and order adopting the magistrate judge's proposed findings and recommended disposition. Reviewing *de novo* the portions of the magistrate judge's order that Sweat objected to, the district court "f[ound] that the material facts [we]re not in dispute, and [that] Officer Baker had reasonable suspicion to initiate the traffic stop." Dist. Ct. Docket No. 90 at 2. In doing so, the district court agreed with the magistrate judge that New Mexico law authorized a law enforcement officer to stop a motor vehicle with a cracked windshield if

the officer has reasonable grounds to believe that the crack makes the vehicle dangerous to operate. Id. at 8. The district court in turn "reject[ed] Plaintiff's contention that there was no visible crack in the windshield because it [wa]s blatantly contradicted by the photos" submitted by defendants. Id. at 11. Indeed, the district court found that "[t]here was clearly a crack" in the windshield and that "no reasonable jury could find otherwise." Id. The district court also stated that "[i]t [wa]s imperative to appreciate that the issue . . . [wa]s not whether the crack actually did make Plaintiff's vehicle unsafe to drive," but rather "whether the crack could have reasonably made an officer in Officer Baker's position suspicious that the vehicle was dangerous to operate." Id. at 12. As to that issue, the district court concluded "that on seeing the crack in Plaintiff's windshield, a reasonable officer could have reasonably suspected that Plaintiff was driving the vehicle in violation of" New Mexico state law, in particular N.M. Stat. Ann. "§§ 66-3-801(A), 66-3-846(A), and/or 66-3-901." Id. As for Sweat's argument that "Baker's true motive for pulling him over was to check his identity," the district court concluded that the United States Constitution required it to focus on whether there was an objective basis for the stop, and thus it was unnecessary for it to "pass on whether or not the cracked windshield was or was not a pretext for some other investigative reasons." Id. at 12–13. For these reasons, the district court concluded that defendant Baker "[wa]s entitled to qualified immunity for attempting to pull over Plaintiff's vehicle." Id. Consequently, the district court granted the defendants' second motion for summary judgment, denied plaintiff's cross motion for summary judgment, and dismissed the remaining state law

claims without prejudice.  Id. at 13-14.

The district court entered judgment in the case on August 30, 2016.  Sweat filed a timely notice of appeal.

III

Sweat argues on appeal that the district court erred in granting the defendants' second motion for summary judgment.[2]  We review *de novo* a district court's ruling on a motion for summary judgment, applying the same legal standard as the district court.  Keith v. Koerner, 843 F.3d 833, 850 (10th Cir. 2016).  A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In "'applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party.'"  Gutierrez v. Cobos, 841 F.3d 895, 900 (10th Cir. 2016) (quoting Ribeau v. Katt, 681 F.3d 1190, 1194 (10th Cir. 2012)).

Sweat makes two related arguments in support of his challenge to the district

_____

[2] Sweat waived appellate review of the district court's grant of defendants' first motion for summary judgment by failing to timely object to the magistrate judge's proposed findings and recommended disposition regarding that motion.  See Morales-Fernandez v. I.N.S., 418 F.3d 1116, 1119 (10th Cir. 2005) (noting that this circuit "has adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal questions.").  Although we recognize that Sweat is proceeding pro se, we note that he was informed of the consequences of a failure to object.  In particular, the magistrate judge's proposed findings and recommended disposition expressly advised Sweat that "[i]f no objections [we]re filed, no appellate review w[ould] be allowed."  Dist. Ct. Docket No. 55 at 9.

court's grant of summary judgment in favor of defendant Baker. First, he argues that his "affidavit" (presumably referring to his verified complaint) "squarely contradict[ed] the defendants' story concerning the chain of events" in this case, and thus the district court erred by resolving disputed facts and making credibility determinations. Aplt. Br. at 10. Second, Sweat argues that his factual allegations were sufficient to preclude summary judgment.

We reject Sweat's arguments. Both the magistrate judge and the district court found, after having examined the photographs of Sweat's vehicle submitted by the defendants, that there was a large horizontal crack in the windshield. Further, both the magistrate judge and the district court concluded that no reasonable jury could find otherwise if provided with the photographs. In addition, Sweat did not dispute, and indeed could not have reasonably disputed, defendant Baker's sworn statements that she observed this crack in the windshield prior to attempting to stop Sweat's vehicle. Thus, in sum, the key evidence pertaining to the legality of Baker's initial stop of Sweat's vehicle was undisputed.

Further, this evidence was sufficient to support the district court's conclusion that Baker did not violate Sweat's constitutional rights in initiating a stop of his vehicle. "A traffic stop is justified at its inception if an officer has (1) probable cause to believe a traffic violation has occurred, or (2) a reasonable articulable suspicion that a particular motorist has violated any of the traffic or equipment regulations of the jurisdiction." United States v. Winder, 557 F.3d 1129, 1134 (10th Cir. 2009). At a minimum, Baker's

-11-

observation of the crack in the windshield of Sweat's vehicle provided her with a reasonable articulable suspicion that Sweat was driving in violation of several provisions of New Mexico's Motor Vehicle Code.[3] See Winder, 557 F.3d at 1134 (noting that, "[f]or reasonable suspicion to exist, an officer . . . simply must possess some minimal level of objective justification for making the stop") (internal quotation marks omitted).

Finally, we agree with the district court that Baker's subjective motivations for stopping Sweat's vehicle, i.e., her alleged interest in determining the identity of the driver, are immaterial to the question of whether the attempted stop violated Sweat's constitutional rights. We have long "consider[ed] the reasonableness of an officer's actions using an 'objective standard' that takes the 'totality of the circumstances' and the 'information available' to the officer into account." Id. (quoting United States v. Sanchez, 519 F.3d 1208, 1213 (10th Cir. 2008)). "Under this standard, an officer's 'actual motivations or subjective beliefs and intentions' are, quite simply, irrelevant." Id.

---

[3] The district court noted, and Sweat does not dispute, that driving with a cracked windshield could potentially give rise to a violation of at least three New Mexico statutes: N.M. Stat. Ann. §§ 66-3-801(A), 66-3-846(A), and 66-3-901. Section 66-3-801(A) provides, in pertinent part, that "it is a misdemeanor for any person to drive . . . on any highway any vehicle . . . which is in such unsafe condition as to endanger any person . . . ." N.M. Stat. Ann. § 66-3-801(A). Section 66-3-846(A) provides, in pertinent part, that "[n]o person shall drive any motor vehicle with any . . . nontransparent material upon or in the front windshield . . . ." N.M. Stat. § 66-3-846(A). Lastly, section 66-3-901 provides, in pertinent part, that "[n]o person shall drive . . . on any highway any motor vehicle . . . unless . . . the vehicle is in such safe mechanical condition as not to endanger the driver or other occupant or any person upon the highway." N.M. Stat. Ann. § 66-3-901. Notably, the term "highway," as used in New Mexico's Motor Vehicle Code, "means every way or place generally open to the use of the public as a matter of right for the purpose of vehicular travel." N.M. Stat. Ann. § 66-1-4.8(B).

(quoting United States v. DeGasso, 369 F.3d 1139, 1143 (10th Cir. 2004)). "We ask, instead, whether 'the facts available' to the detaining officer, at the time, warranted an officer of 'reasonable caution' in believing 'the action taken was appropriate.'" Id. (quoting Terry v. Ohio, 392 U.S. 1, 21-22 (1968)). As noted, we agree with the district court that the facts available to defendant Baker would have allowed an officer of reasonable caution to conclude that Sweat was driving in violation of New Mexico state traffic laws and that, consequently, a traffic stop was fully justified.

AFFIRMED. Plaintiff Sweat's motion for leave to proceed without prepayment of costs and fees is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-13-